FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>GERARDO FARIAS-CONTRERAS,<br>(aka Tomas Gomez)<br><br>             Defendant. | No. 2:19-CR-00119-WFN-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER DETENTION<br><br>**MOTION DENIED**<br>**(ECF No. 31)** |

      At the August 27, 2019 hearing on Defendant's Motion to Reconsider Detention, **ECF No. 31,** Assistant U.S. Attorney Caitlin Baunsgard appeared for the United States. Defendant was present, in custody, represented by attorney Mark Vovos.

      The Court considered the report of Pretrial Services at **ECF No. 16**, and the Supplemental Pretrial Services Report at **ECF No. 33**, as well as Defendant's Motion for Reconsideration at **ECF No. 31**, and medical records at **ECF No. 35**. The Court also heard the statement of Deputy U.S. Marshal Jerome Brown, and the argument of counsel.

      Defendant's request for release centers on his medical condition. Some sixteen years ago this now 49 year old man was shot in the back, resulting in spinal injuries leaving him unable to ambulate without a wheelchair or walker, and with

ORDER - 1

internal injuries that necessitate the use of a colostomy bag and/or disposable rubber gloves to accomplish his daily bodily functions. Defendant argues that these daily requirements, as well as therapy to prevent his legs from atrophying, require care that is not available in custody.

The Court notes the Fourteenth Amendment's due process clause governs the treatment and conditions of confinement for pretrial detainees, rather than the Eighth Amendment cruel and unusual punishment prohibition applicable in post-conviction situations, *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).

The United States contended that if released Defendant, would present a risk of flight and a danger to the safety of the community. The United States argues that Defendant poses a risk of flight because of his alleged capacity to travel up and down the west coast of the United States transporting pound-quantities of methamphetamine in spite of his medical situation, the ten year mandatory minimum sentence if convicted, and ties to a foreign country.

Defendant argues that he has a proposed residence in this district, and that his comfort and medical needs would be better addressed if released.

Pursuant to 18 U.S.C. § 3142, this Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

This Court finds there is probable cause Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 21 U.S.C. § 801, *et seq*.

This Court also finds Defendant has not rebutted the 18 U.S.C. § 3142(e) presumption and has not met the burden of production establishing there are conditions which will reasonably assure his appearance and the safety of the community.

The Court further finds the United States has established by the required preponderance of evidence an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community.

Without minimizing the gravity of the medical condition Defendant must cope with every day of his life, the available evidence indicates that Defendant has been visited and queried by jail medical staff three times daily, has been afforded the supplies necessary to deal with his condition, and has not requested any other specific medications or supplies. Defendant's condition is not emergent. In addition, the information regarding Defendant's name and background and biography are somewhat unclear, leaving the Court no reliable information upon which to fashion conditions of release. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Reconsider Detention, **ECF No. 31**, is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that

party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested. This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED August 29, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 4